# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-141V
Filed: July 23, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| BRIDGETTE WILEY, | |
| Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza or Flu Vaccine; Shoulder |
| | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Esq.*, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.
*Christine M. Becer, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On February 11, 2015, Bridgette Wiley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered an adverse reaction to the influenza vaccine she received on November 21, 2012 resulting in severe pain and several surgeries. Petition, ¶¶ 4, 39. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 16, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On July 23, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $135,000.00 for her actual and projected pain and suffering and $1,168.18 to satisfy the State of Georgia Medicaid lien. Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $136,168.18 as follows:**

    a. a lump sum payment of **$135,000.00** in the form of a check payable solely to petitioner, Bridgette Wiley;

    b. a lump sum payment of **$1,168.18** in the form of a check payable jointly to petitioner, Bridgette Wiley and Georgia Medicaid:

> Georgia Department of Community Health
> 900 Circle 75 Parkway
> Suite 650
> Atlanta, GA 30339

representing compensation for satisfaction of the State of Georgia Medicaid lien.[3]

    These amounts represent compensation for all damages that would be available under § 300aa-15(a).

    The clerk of the court is directed to enter judgment in accordance with this decision.[4]

                                  **s/Denise K. Vowell**
                                    Denise K. Vowell
                                    Chief Special Master

---

[3] Petitioner agrees to endorse this payment to Georgia Medicaid.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                        )
BRIDGETTE WILEY,                        )
                                        )
       Petitioner,              )
                                        )    No. 15-141V
v.                                      )    Chief Special Master Vowell
                                        )    ECF
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
       Respondent.              )
_____  )

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Respondent hereby submits the following proffer for the award on compensation.

**I.**     **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that Petitioner should be awarded a lump sum of $135,000.00 for Petitioner's actual and projected pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).[1] Petitioner agrees.

    B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Georgia Medicaid lien in the amount of $1,168.18, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Georgia may have against any individual as a result of any Medicaid payments the State of Georgia has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

this case as a result of her vaccine-related injury suffered on or about November 21, 2012, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $135,000.00 in the form of a check payable to petitioner. In addition, a lump sum payment should be made of $1,168.18, representing compensation for satisfaction of the State of Georgia Medicaid lien, payable jointly to petitioner and Georgia Medicaid:

Georgia Department of Community Health
900 Circle 75 Parkway
Suite 650
Atlanta, GA 30339

Petitioner agrees to endorse this payment to Georgia Medicaid.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA RENZI
Senior Trial Counsel
Torts Branch, Civil Division

                                                  s/Christine Mary Becer
                                                  CHRISTINE MARY BECER
                                                  Trial Attorney
                                                  Torts Branch, Civil Division
                                                  U.S. Department of Justice
                                                  P.O. Box 146
                                                  Benjamin Franklin Station
                                                  Washington, D.C. 20044-0146

Date:      July 23, 2015